UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| INDUSTRIAL DIESEL SERVICE, L.L.C. | CIVIL ACTION |
| VERSUS | NO: 08-4258 |
| M/V Q.B., HER ENGINES, TACKLE, FURNITURE, EQUIPMENT, APPURTENANCES, ETC. *IN REM* | SECTION: "S" (1) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Industrial Diesel Service, L.L.C.'s motion for summary judgment is **DENIED WITHOUT PREJUDICE**. (Document #18.)

## BACKGROUND AND DISCUSSION

Between April and July of 2007, Industrial Diesel Service, L.L.C. (Industrial Diesel) performed repairs to the engines of the M/V Q.B., an offshore supply vessel owned by Mark & Emmett Marine, Inc. (M&E). Industrial Diesel submitted an invoice in the amount of $36,895.59, but M&E did not remit payment. Industrial Diesel filed a complaint, pursuant to Rule 9(h) of the Federal Rules of Civil Procedure, the Supplemental Rules Governing Certain Admiralty and Maritime Claims, and the Federal Maritime Lien Act, 46 U.S.C. § 31341 *et seq*. The court issued a warrant ordering the United States Marshal to arrest the vessel. The M/V

Q.B. posted security, and the court ordered that the vessel be released.

M&E filed an answer and counterclaim against Industrial Diesel. M&E alleges that the work performed by Industrial Diesel was "defective, deficient, not satisfactory, not performed in a workmanlike manner, not performed timely, and constituted a breach of contract and breach of the warranty of workmanlike performance." M&E alleges that it was necessary to perform major repair work and that it lost revenue and incurred expense as a result of Industrial Diesel's defective work. M&E demanded counter-security from Industrial Diesel, pursuant to Rule E(7)(a) of the Supplemental Rules for Admiralty or Maritime Claims.

Industrial Diesel Service, L.L.C. filed a motion for summary judgment. M&E argues that the motion is premature because the motion was filed less than 24 hours after the counterclaim, and there has been no time for discovery. Further, M&E argues that the only evidence that supports the motion for summary judgment is the transcript of an incomplete deposition. The deposition was begun in conjunction with a parallel state court action[1] and suspended by Industrial Diesel before completion.

Rule 56(f) of the Federal Rules of Civil Procedure provides:

> If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>   (1) deny the motion. . . .

M&E presents the affidavit of counsel stating that "discovery has not commenced in the instant action." The affiant further states that "it is believed that it is necessary to obtain

---

[1] Industrial Diesel originally initiated the action in Lafourche Parish, Louisiana, as a suit on open account. A status conference was held in the state-court action to determine the discovery deadlines.

evidence and testimony to be received during the corporate deposition of Industrial Diesel to fully and adequately respond to the claims and defenses pending in this litigation, and more specifically, the pending Motion for Summary Judgment."

The court finds that the affidavit is sufficient to show that M&E cannot present facts in opposition to the motion for summary judgment. Accordingly, the motion for summary judgment is denied without prejudice to Industrial Diesel's right to reurge the motion when adequate discovery is complete.

New Orleans, Louisiana, this 17th day of February, 2009.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**