UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **INDUSTRIAL DIESEL SERVICE, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 08-4258-MVL-SS** |
| **M/V QB, et al** | |

### REPORT AND RECOMMENDATION

The motion of the plaintiff, Industrial Diesel Service, LLC ("IDS"), to fix attorneys' fees and costs was referred to the assigned Magistrate Judge. Rec. doc. 96. In addition to costs of $10,738.74 taxed by the Clerk (Rec. doc. 105), IDS seeks an award of attorneys' fees and costs of $106,906.72.

### BACKGROUND

In 2007, the defendant, Mark & Emmet Marine, Inc. ("M&E"), hired IDS to overhaul the starboard engine and perform preventive maintenance on the port engine of the M/V QB. M&E signed a credit agreement, including a provision for reasonable costs and attorneys' fees should IDS need to hire counsel and file suit to collect sums due from M&E. On July 12, 2007, the vessel returned to service after work was completed. On that same day the port engine failed. It was replaced by IDS. On August 17, 2007, the starboard engine failed. On September 26, 2007, the replacement port engine failed. Rec. doc. 92.

On August 22, 2008, IDS filed a complaint for collection of unpaid invoices of $36,895.59, interest, attorneys' fees and costs. Rec. doc. 1. IDS caused the vessel to be seized. After security was posted, the vessel was released. Rec. docs. 14 and 15.

M&E filed an answer and counterclaim. It alleged that: (1) the engine repairs were

defective; (2) due to the alleged defective work it was required to perform major repair work to the vessel and its engines; (3) it was denied the use of the vessel; and (4) it sustained damages of $175,000. Rec. doc. 17.

IDS sought summary judgment on the amount allegedly owed to it. Rec. doc. 18. M&E presented a Fed. R. Civ. P. 56(f) affidavit. The motion for summary judgment was denied without prejudice to re-urge after discovery was complete. Rec. doc. 27.

The trial was set for June 26, 2009. Rec. doc. 23. On June 22, 2009, the request of IDS for a continuance to complete discovery was granted. Rec. doc. 39. The trial was reset for March 11, 2010. Rec. doc. 40. IDS again sought summary judgment. Rec. doc. 43. The motion was denied because there were disputed issues of material fact. Rec. doc. 55.

On January 26, 2010, IDS filed a motion to compel discovery. Rec. doc. 54. M&E was ordered to produce vessel logs. Rec. doc. 60. IDS filed a motion for sanctions and then withdrew it. Rec. docs. 65 and 70.

At the request of IDS the trial was reset for July 29, 2010. Rec. doc. 64. The case was tried for two days. Rec. docs. 87 and 89. After the submission of post-trial memoranda, the District Judge found that: (1) the July 12, 2007 port engine failure was caused by the failure of the vessel's crew to properly bleed air from the engine cooling system; (2) the August 17, 2007 starboard engine failure was caused by the crew's failure to timely change the oil and filter in accordance with the manufacturer's standards; and (3) M&E did not carry its burden of proof that IDS was responsible for the September 26, 2007 port engine failure. Rec. doc. 92. On November 19, 2001, a judgment was entered in favor IDS for $36,895.59, interest of $18,816.75, and reasonable attorneys' fees and costs. The counterclaim was dismissed. Rec. doc. 93. On December 6, 2010, IDS filed its motion

to fix attorneys' fees and costs. Rec. docs. 94 and 103.

## APPLICABLE LAW

To calculate an attorneys' fees award the district court first calculates the "lodestar." Forbush v. J.C. Penney Co., 98 F.3d 817, 821 (5th Cir. 1996). The lodestar is the product of the number of hours reasonably expended on the litigation multiplied by a reasonable hourly billing rate. Hensley v. Eckerhart, 103 S. Ct. 1933, 1939-40 (1983). However, "the district court [retains] broad discretion in setting the appropriate award of attorneys' fees." Hensley, 103 S. Ct. at 1939-40.

In calculating the number of hours reasonably expended on the litigation, whether the total number of hours claimed were reasonable, and whether specific hours claimed were reasonably expended, the court must first ascertain the nature and extent of the services supplied by defendant's attorneys. Hensley, 103 S. Ct. at 1939-40. The district court must eliminate excessive or duplicative time. Watkins v. Fordice, 7 F.3d 453, 457 (5th Cir. 1993); see Hensley, 103 S. Ct. at 1939-40.

"The district court may then adjust the lodestar upward or downward depending on the respective weights of the twelve factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974)." Forbush, 98 F.3d at 821; see also Walker v. United States Dep't of Housing and Urban Dev., 99 F.3d 761, 771-73 (5th Cir.1996) (describing the limited circumstances in which an adjustment to the lodestar is appropriate). In Hensley the Supreme Court noted that many of the Johnson factors are "subsumed" in the initial calculation of reasonable hours and rates. 103 S. Ct. at 1940 n. 9.

## ANALYSIS

IDS presented the statements from its counsel for the period from January 8, 2008 through August 24, 2010. Statements were issued about once a month. Rec. doc. 94 (Exhibit B). The

3

statements dated March 4, 2008 through October 2, 2008, reveal that IDS filed a suit in state court against M&E. The suit was filed on or about January 22, 2008 and was pending when the complaint in federal court was filed on August 22, 2008. Some work continued on the state court suit after the complaint was filed in federal court. For example, on September 18, 2008, there is an entry for preparation of a motion for contempt and sanctions. No such motion was filed in federal court. On September 19, 2008, there were filing fees of more than $235.00 for the clerk in state court. On November 25, 2008, there was a telephone conference with the state court judge.

IDS has not explained the need for suits in state and federal court. It may have decided to sue in federal court to gain security from the seizure of the vessel. The time spent on the state court proceeding is duplicative of the time spent on the federal court proceeding. For example, IDS took the deposition of Mark Bruce on August 14, 2008 in the state court proceeding. On October 28, 2009, Bruce was deposed in the federal court proceeding.

The charges for the statements dated March 4, 2008 through October 2, 2008 will be eliminated because the fees and costs were incurred primarily in connection with the state court suit. These statements include some time and costs for the federal suit. For example, on August 19, 2008, the filing fee of $350 was paid the Clerk for this Court. To the extent there are entries for the federal court suit in these statements, they are offset by the entries for the state court suit found in the statements after October 2, 2008. The amount sought by IDS will reduced by $9,410.00 in fees, $1,436.43 in costs for a total of $10,846.43.

The statements dated October 30, 2008 through October 6, 2010 do not demonstrate the exercise of billing judgment. In <u>Green v. Administrators of Tulane Educational Fund</u>, 284 F.3d 642 (5th Cir. 2002), the Fifth Circuit stated that:

> To determine the number of hours reasonably expended on a case, a plaintiff must show that billing judgment was exercised. Walker v. HUD, 99 F.3d 761, 769 (5th Cir.1996). Billing judgment is usually shown by the attorney writing off unproductive, excessive, or redundant hours. Id. We have held that the remedy for failing to exercise billing judgment is to reduce the hours awarded by a percentage. Id. at 770.

284 F.3d at 662; and see Alberti v. Klevehagen, 896 F.2d 927, 930 (5th Cir. 1990)("Ideally, billing judgment is reflected in the fee application, showing not only hours claimed, but also hours written off.").

The IDS motion for sanctions for failure to produce vessel logs (Rec. doc. 65) is an example of its failure to exercise billing judgment.  Before it was filed M&E's corporate representative testified that the vessel was out of service from February 2007 through July 2007 and there were no logs for that period.  Rec. doc. 69 at 2.  The motion was filed on May 18, 2010 and set for submission on June 2, 2010.  Rec. doc. 66.  After M&E filed its opposition, IDS withdrew its motion for sanctions without explanation.  Rec. doc. 70.  In the exercise of billing judgment, the time for this motion should have been written off.

"The proper remedy when there is no evidence of billing judgment is to reduce the hours awarded by a percentage intended to substitute for the exercise of billing judgment." Walker v. U.S. Dept. of Housing and Urban Development, 99 F.3d 761, 770 (5th Cir. 1996).  The court's review of the IDS statements demonstrates that 25% is the appropriate reduction.  The attorneys' fees sought by IDS for the statements dated October 30, 2008 through October 6, 2010 are $87,251.00.  This will be reduced by 25% ($21,813.00) to $65,438.00.

M&E raises issues concerning the hours included in the IDS statements.  It contends that time entries are improper because: (1) they are for clerical activity; (2) they are excessive; (3) they are duplicative of other activity; and (4) they reflect time spent in pursuit of other matters.  To the

extent these objections are valid, they relate to entries which should have been reduced through the exercise of billing judgment. Because of the decision to reduce the time sought by 25%, it is not necessary to consider each item raised by M&E.

As the second step in determining the lodestar, district courts must select an appropriate hourly rate based upon the prevailing community standards for attorneys of similar experience in similar cases. Alberti, 896 F.2d at 930. The hourly rates for IDS were: (1) trial attorney - $200.00; (2) associate - $160.00; and (3) paralegals and law clerks - $70.00. In Greater New Orleans Fair Housing Action Center, et al v. St. Bernard Parish, et al, 06-7185 (Rec. doc. 381 at 37), there was evidence from Gustave A. Fritchie, III, an experienced New Orleans litigator, that the reasonable rates for litigation in New Orleans were in the range of $175.00 to $250.00 per hour for partners and $125.00 to $175.00 per hour for associates.[1] In Board of Supervisors of La. State University, et al v. Smack Apparel Co., et al, 2009 WL 927996, *5 (E.D.La. 2009), a rate of $80 per hour was approved for paralegals. The rates sought for the IDS timekeepers are reasonable.

The lodestar may be adjusted upward or downward depending on the respective weights of the twelve factors set forth in Johnson, 488 F.2d at 717-19.

> There is a strong presumption that the lodestar is the reasonable fee, and the fee applicant bears the burden of showing that such an adjustment is necessary to the determination of a reasonable fee. When making an enhancement, the district court must explain with a reasonable degree of specificity the findings and reasons upon which the award is based, including an indication of how each of the *Johnson* factors was applied.

Walker, 99 F.3d at 771 (Citations and quotation marks omitted). The first factor is the time and labor required. This is subsumed in the lodestar. The second factor is the novelty and difficulty of the question. The claim by IDS was neither novel nor difficult. The third factor is the skill required

---

[1] Mr. Fritchie's affidavit was dated November 24, 2009. Rec. doc. 375 (Exhibit B).

to perform the legal services properly.  This is subsumed in the determination of the lodestar.  The fourth factor is the preclusion of other employment by the attorney due to this case.  These concerns, particularly the time demands, are ordinarily subsumed in the lodestar.  <u>Shipes v. Trinity Industries</u>, 987 F.2d 311, 321-22 (5th Cir. 1993).  The fifth factor is the customary fee which was taken into account in setting the hourly rates.

The sixth factor is whether the fee is fixed or contingent.  M&E questions whether the fee is contingent.  Assuming there is a contingent fee, it is has not demonstrated that such a fee requires an adjustment to the lodestar.  The seventh factor is the imposition of the time limitations.  No adjustment to the lodestar is required for this factor.

The eighth factor is a comparison of the amount involved with the result obtained.  M&E objects that the fee is excessive compared to the result obtained.  IDS obtained a judgment for more than $55,000 and a dismissal of M&E's counterclaim.  The lodestar is about $65,400.  While this is greater than the amount obtained, it is not unreasonable considering the record in this case which included discovery, two motions for summary judgment and a two day trial.  In <u>Migis v. Pearle Vision, Inc.</u>, 135 F.3d 1041 (5th Cir. 1998), the attorney's fee award was over six and one-half times the amount of damages awarded.  The Fifth Circuit found that the ratio was simply too large to allow the fee award to stand.  <u>Id</u>. at 1048.  The ratio between the lodestar of $65,400 and the judgment of $55,000 does not require a downward adjustment of the lodestar.

The ninth factor is the experience, reputation and ability of counsel.  The experience of counsel was taken into account in the setting of the hourly rates.  An enhancement is not warranted by this factor. The tenth factor is the undesirability of the case. The IDS claim was not undesirable. The eleventh factor is the nature and length of the professional relationship with the client.  This

factor does not warrant an adjustment in the lodestar. The twelfth factor requires the Court to consider awards in similar cases. The parties have not cited any recent similar cases.

The Fifth Circuit has held that "[a]ll reasonable out-of-pocket expenses, including charges for photocopying, paralegal assistance, travel, and telephone, are plainly recoverable . . . because they are part of the costs normally charged to a fee-paying client." Associated Builders & Contractors of Louisiana, Inc., 919 F.2d 374, 380 (5th Cir. 1990). The costs included on the statements dated October 30, 2008 through October 6, 2010 were reviewed. No adjustment is required for the costs.

## SUMMARY

|  | Fees | Costs | Total |
|---|---|---|---|
| Requested by IDS | 96,661.00 | 10,245.72[2] | 106,906.72 |
| Reduction for state court | 9,410.00 | 1,436.43 | 10,846.43 |
| Net | 87,251,00 | 8,809.29 | 96,060.29 |
| Less 25% | 21,813.00 |  | 21,813.00 |
| Amount Recommended | 65,438.00 | 8,809.29 | 74,247.29 |

## RECOMMENDATION

IT IS RECOMMENDED that: (1) the motion of IDS to fix attorneys' fees and costs (Rec. doc. 94) be GRANTED in PART and DENIED in PART; and (2) that IDS be awarded attorneys' fees of $65,438.00 and costs of $8,809.29 for a total of $74,247.29.

## OBJECTIONS

---

[2] Includes $7,516.40 sought in original application (Rec. doc. 94-Exhibit B) and $2,729.32 sought in a supplemental memorandum (Rec. doc. 103-Exhibit A).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) calendar days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. USAA</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this  23rd  day of February, 2011.

                                        **SALLY SHUSHAN**
                                        **United States Magistrate Judge**